IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 20-cv-03472-PAB-MEH

WILLIAM MONTGOMERY,

    Plaintiff,

v.

DAVID WELLS,

    Defendant.
_____

### ORDER ACCEPTING MAGISTRATE JUDGE'S RECOMMENDATION
_____

    This matter is before the Court on the Recommendation of United States Magistrate Judge Michael E. Hegarty filed on May 7, 2021 [Docket No. 37].  Plaintiff filed an objection.  Docket No. 38.  Defendant responded, Docket No. 42, and plaintiff replied.  Docket No. 43.

    The amended complaint brings two claims as a result of a citation issued to plaintiff by defendant while he was panhandling on private property.  *See* Docket No. 23-1 at 7-11, ¶¶ 13-26.  Plaintiff alleges that he was seized without reasonable suspicion and without probable cause.  *See id.*  On April 2, 2021, defendant filed a motion to dismiss both claims, raising the defense of qualified immunity.  *See generally* Docket No. 30.  On April 8, 2021, the magistrate judge issued an order informing plaintiff that, under the Local Rules and the Federal Rules of Civil Procedure, plaintiff's response was due on or before April 23, 2021, and defendant's reply was due within fourteen days after the filing of plaintiff's response.  Docket No. 35.  Plaintiff did not

respond to the motion to dismiss.  On May 7, 2021, well after the deadline to respond had passed, the magistrate judge issued a recommendation that the Court grant defendant's motion to dismiss with prejudice.  See Docket No. 37 at 12.  Despite plaintiff's failure to respond to the motion to dismiss, the magistrate judge nevertheless examined the amended complaint to determine whether it stated a plausible claim for relief.  Id. at 4.

Plaintiff filed an objection to the magistrate judge's recommendation.  See Docket No. 38.  Plaintiff's objection does not address his failure to respond to the motion to dismiss.  Because plaintiff is proceeding pro se, the Court will construe his objections and pleadings liberally without serving as his advocate.  See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, "pro se parties must follow the same rules of procedure that govern other litigants." Vreeland v. Schwartz, 2021 WL 2946465, at *9 (10th Cir. July 14, 2021) (unpublished) (alterations omitted) (quoting Nielsen v. Price, 17 F.3d 1276, 1277 (10th Cir. 1994)).  Additionally, plaintiff is an experienced pro se litigant.  See Docket No. 37 at 4.

"In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived." United States v. Garfinkle, 261 F.3d 1030, 1031 (10th Cir. 2001); see also Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived."); Maurer v. Idaho Dep't of Corr., 799 F. App'x 612, 614 n.1 (10th Cir. 2020) (unpublished).  Accordingly, plaintiff waived the objections he makes in his objection.

In the absence of an objection, the district court may review a magistrate judge's recommendation under any standard it deems appropriate. *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). The Court has reviewed the recommendation to satisfy itself that there is "no clear error on the face of the record."[1] Fed. R. Civ. P. 72(b), Advisory Committee Notes. Based on this review, the Court has concluded that the recommendation is a correct application of the facts and the law.

The Court additionally notes that, even under *de novo* review, it would reach the same conclusion as the magistrate judge. Plaintiff makes two objections: (1) defendant was required to use city-provided maps to determine whether plaintiff was on public or private property, and (2) plaintiff's detention exceeded the scope of an investigatory detention and, as a result, defendant was required to have probable cause to arrest him. Docket No. 38 at 2-4. First, as the magistrate judge noted, *Montgomery v. Valandra*, 2020 WL 1672761, at *3-4 (D. Colo. Apr. 6, 2020), addresses this issue and supports the conclusion that defendant had reasonable suspicion that plaintiff was violating the panhandling ordinance. Second, since the filing of plaintiff's objection, the Tenth Circuit has directly considered and rejected his argument that the issuance of a

---

[1] This standard of review is something less than a "clearly erroneous or contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo review. Fed. R. Civ. P. 72(b).

citation transformed an investigatory detention into a noncustodial arrest.  *See Montgomery v. Brukbacher*, 2021 WL 4074358, at *2 (10th Cir. Sept. 8, 2021) ("We agree with the district court that Montgomery was seized and subjected to a *Terry* stop when Officer Brukbacher retained his ID while he issued him a citation.").  Thus, even if the Court were to conduct *de novo* review of plaintiff's objections, the Court would reject them and accept the magistrate judge's recommendation.

Accordingly, it is

**ORDERED** that the Recommendation of United States Magistrate Judge Michael E. Hegarty [Docket No. 37] is **ACCEPTED**.  It is further

**ORDERED** that defendant's Motion to Dismiss Amended Complaint [Docket No. 30] is **GRANTED**.  It is further

**ORDERED** that is case is **DISMISSED with prejudice**.


DATED January 31, 2022.

BY THE COURT:

_____
PHILIP A. BRIMMER
Chief United States District Judge